

ELECTRONIC

**Aug 31, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 12-80158-CR-RYSKAMP/HOPKINS
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 4
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

GARY KRANZ,
MARC RONA,
STEVEN KRANZ, and
FBK PRODUCTS, LLC.,

       Defendants.

_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.    **FBK PRODUCTS, LLC.** was a "foreign limited liability company," incorporated in the State of Delaware, and registered in the State of Florida, which sold, mailed, and delivered septic treatment products known, *inter alia*, as "Septic Remedy." FBK had offices located in the cities of Boca Raton and West Palm Beach, in the Southern District of Florida.

2.    **GARY KRANZ**, a resident of Palm Beach County, Florida, was Manager/CEO/President and an owner of FBK from in or around 2004, through in or around 2011.

3.    **MARC RONA**, a resident of Beverly Hills, California, was Manager/Partner/Secretary and an owner of FBK from in or around 2005, through in or around 2011.

4.    **STEVEN KRANZ**, a resident of Westport, Connecticut, was Manager/Partner/Vice

President and an owner of FBK from in or around 2004, through in or around 2011.

5.     Company B, was a corporation with its principal place of business in Carol Stream, Illinois, which was responsible for sending Septic Remedy and Septic Remedy (Phase II) to customers of **FBK**, via the United States Postal Service and any private and commercial interstate carrier, at the direction of defendants and their co-conspirators.

## COUNT 1
## Conspiracy
## (18 U.S.C. § 371)

1.     Paragraphs 1 through 5 of the Background section of this Information are realleged and incorporated by reference as though fully set forth herein.

2.     Beginning in or around March 12, 2009, and continuing through in or around October 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GARY KRANZ,**
**MARC RONA, and**
**FBK PRODUCTS, LLC.,**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with each other and with persons known and unknown to the United States Attorney to commit any offense against the United States as follows:

(a)     To knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and knowingly cause to be delivered certain mail matter by the United States Postal Service and any private and commercial interstate carrier according to the directions thereon, in violation of Title 18, United States Code, Section 1341;

-2-

(b)     To knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and knowingly transmit and cause to be transmitted certain wire communications in interstate commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

## PURPOSE

3.     The purpose of the conspiracy was for the defendants and their co-conspirators to unjustly enrich themselves by, among other things, inducing individuals to purchase Septic Remedy from **FBK** based upon numerous false and fraudulent pretenses, representations, and promises concerning the product, including: 1) falsely and fraudulently advising potential customers that the Environmental Protection Agency (EPA) and the United States government (government) had just approved Septic Remedy and that **FBK** was the only company nationwide allowed to sell the septic treatment product;  2) falsely and fraudulently stating that the septic treatment product was capable of eliminating sludge from the septic tanks and leech lines and would eliminate the need to pump septic tanks; and, 3) falsely and fraudulently stating that Septic Remedy, Phase II, had more bacteria than the original product, Septic Remedy, and was necessary to prevent the customers' leech lines from turning to concrete.

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     The defendants and their co-conspirators would create and/or distribute false and

fraudulent sales scripts for sales representatives of **FBK**, who would contact potential customers telephonically using the false and fraudulent sales scripts.

5.     **GARY KRANZ, MARC RONA, FBK**, and their co-conspirators, would recruit and hire individuals to make telephone calls to potential customers in the State of Florida and elsewhere, soliciting them to purchase and have delivered, via U.S. mail or Federal Express, Septic Remedy.

6.     The defendants and their co-conspirators would falsely and fraudulently cause customers to be told or tell prospective customers that the EPA/government had enacted new regulations for septic tanks in the customers' respective states and that it was important to purchase Septic Remedy in order to prevent their leech lines from turning to concrete, based on an EPA/government's warning.

7.     After customers ordered a five (5) year supply of Septic Remedy, the defendants, their employees, their co-conspirators, and others known to the United States Attorney's Office, would telephonically contact the customers and falsely and fraudulently represent that their earlier purchased Septic Remedy was not sufficient to meet changed government regulations/warnings regarding the EPA's/government's mandate about the reformulated manufacture of toilet paper, soap, and detergents, and that a supposedly new septic product called Septic Remedy (Phase II) was necessary to address problems associated with the new toilet paper, soap, and detergents.

8.     The defendants and their co-conspirators would direct employees of **FBK** to offer to send a "risk free" supply of either Septic Remedy or Septic Remedy (Phase II) to the potential customers' homes with return postage purportedly guaranteed by **FBK**, if returned within thirty days.

9.     The defendants and their co-conspirators caused and induced the customers to accept the "risk free" supply of Septic Remedy, and then the defendants and their co-conspirators would

-4-

bill the customers for the product and refuse to pay the return postage.

10.    The defendants and their co-conspirators would direct the collection department of **FBK** to telephonically and/or via electronic mail send collection notices to customers whose returns **FBK** refused to accept pursuant to their "risk free" trial.

11.    The defendants and their co-conspirators would cause contact with and contact prospective purchasers from an "idiot list" which was a euphemism for previous Septic Remedy purchasers who could easily be persuaded to purchase additional quantities of the product.

12.    The defendants and their co-conspirators would direct employees of **FBK** to make sales of Septic Remedy using fear and urgency as a motivation, based on detailed false and fraudulent scripted remarks.

13.    The defendants and their co-conspirators caused the sale and would sell products, including Septic Remedy and Septic Remedy (Phase II), to persons who were elderly via false and fraudulent sales scripts specifically targeted to elderly prospective purchasers.

14.    To induce potential customers to purchase Septic Remedy, the defendants and their co-conspirators provided, made, and caused others to provide and make numerous materially false and fraudulent statements and concealments, and caused others to conceal material facts, including among others, the following:

### Materially False Statements

a.    That Septic Remedy was formulated in accordance with EPA regulations;

b.    That Septic Remedy was developed in conjunction with the EPA;

c.    That Septic Remedy was developed under an EPA grant;

d.    That Septic Remedy was licensed by the EPA;

e.      That EPA granted sole distribution rights of Septic Remedy to **FBK**;

f.      That EPA offered vouchers to offset cost of product;

g.      That a new version of Septic Remedy, Septic Remedy (Phase II), was needed because a government warning came out for soaps, detergents and toilet paper;

h.      That the EPA mandated a change to the way that manufacturers formulate products, i.e., switching to synthetic materials instead of wood fibers in toilet paper; and, switching to petroleum based/oil in the manufacture of soaps and detergents in place of animal fats;

i.      That the EPA determined that the states were not complying with the Federal Clean Water Act, and as a result EPA was imposing new standards, requiring septic systems older than 20 years to undergo regular health department inspections;

j.      That environmental agencies would inspect septic tanks and if they did not pass inspection it would cost  "beaucoup" thousands to get the systems up to standard, or the government would shut down septic systems that did not pass inspection;

### Concealment of Material Facts

k.      That there are no EPA regulations respecting the formulation of septic treatment products;

l.      That EPA neither develops nor licenses septic treatment products;

m.      That EPA does not issue grants for the development of septic treatment products;

n.      That EPA does not determine or grant exclusive distribution rights to septic treatment products; and

o.      That EPA does not offer vouchers to offset the cost of septic treatment

-6-

products.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, there was committed and caused to be committed, by at least one co-conspirator, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.      On or about July 8, 2009, **GARY KRANZ** and **MARC RONA** caused a telephone call to be placed from **FBK** in Palm Beach County, Florida to G.B. in Glenns Ferry, ID regarding the purchase of Septic Remedy.

2.      On or about July 11, 2009, **GARY KRANZ** and **MARC RONA** caused a telephone call to be placed from **FBK** in Palm Beach County, Florida to R.D. in Tobyhanna, PA regarding the purchase of Septic Remedy.

3.      On or about September 24, 2009, **GARY KRANZ** and **MARC RONA** caused a telephone call to be placed from **FBK** in Palm Beach County, Florida to J.V.P. in Redkey, IN regarding the purchase of Septic Remedy.

4.      On or about October 4, 2010, **GARY KRANZ** and **MARC RONA** caused a telephone call to be placed from **FBK** in Palm Beach County, Florida to L.M. in Waterville, MN regarding the purchase of Septic Remedy.

5.      On or about October 18, 2010, **GARY KRANZ** and **MARC RONA** caused a telephone call to be placed from **FBK** in Palm Beach County, Florida to S.G. in Rossiter, PA regarding the purchase of Septic Remedy.

6.      On or about September 27, 2010, **GARY KRANZ** and **MARC RONA** caused a

container of Septic Remedy, to be sent, via Federal Express, from Company B, in Carol Stream, IL,

to R.F. in Columbia, KY.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Misprision of a Felony
### (18 U.S.C. § 4)

From in or around March 12, 2009, and continuing through in or around October 2010, in

Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

## STEVEN KRANZ,

having knowledge of the actual commission of a felony cognizable by a court of the United States,

that is, conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code,

Section 371, did conceal and fail to make known as soon as possible the same to any judge and other

person in civil authority under the United States, in violation of Title 18, United States Code, Section

4.


_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY


_____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY


-8-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GARY KRANZ,
MARC RONA,
STEVEN KRANZ, and
FBK PRODUCTS, LLC.,

                    Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division**: (Select One)

New Defendant(s)           Yes _____  No _____
Number of New Defendants   _____
Total number of counts     _____

_____ Miami    _____ Key West
_____ FTL   X  WPB   _____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:    (Yes or No)      No
     List language and/or dialect    _____

4.   This case will take     0     days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                          (Check only one)

| | | | | |
|---|---|---|---|---|
| I   | 0  to  5 days   | X | Petty   | |
| II  | 6 to 10 days    |   | Minor   | |
| III | 11 to 20 days   |   | Misdem. | |
| IV  | 21 to 60 days   |   | Felony  | X |
| V   | 61 days and over|   | | |

6.   Has this case been previously filed in this District Court? (Yes or No)      No

If yes:
Judge: _____      Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)    No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____      District of _____

Is this a potential death penalty case? (Yes or No)      NO

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes   X   No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes   X   No

_____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500680

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ GARY KRANZ _____

**Case No:** _____

**COUNT 1:**        Conspiracy  to Commit Mail and Wire Fraud

_____        Title 18, United States Code, Section 371

**\*Max. Penalty:**    5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  _____ MARC RONA _____

Case No: _____

COUNT 1:          Conspiracy  to Commit Mail and Wire Fraud

                  Title 18, United States Code, Section 371

*Max. Penalty:    5 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

**Defendant's Name:** <u>STEVEN KRANZ</u>

**Case No:** _____

**COUNT 2:**      Misprision of a Felony

                  Title 18, United States Code, Section 4

**\*Max. Penalty:**   5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ FBK PRODUCTS, LLC, _____

**Case No:** _____

**COUNT 1:**          Conspiracy  to Commit Mail and Wire Fraud

                        Title 18, United States Code, Section 371

**\*Max. Penalty:**    Fine of $500,000

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**